IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| THERESA A. MARSHALL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 12-3094-CV-DPR |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security,[1] | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

An Administrative Law Judge (ALJ) denied Disability Insurance Benefits and Supplemental Security Income to Plaintiff Theresa A. Marshall in a decision dated September 24, 2010 (Tr. 18-28). The Appeals Counsel denied review. Thus, the ALJ's decision became the Commissioner of Social Security's final decision denying benefits. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; 20 C.F.R. § 416.1481. For the reasons set forth below, the decision of the Commissioner of Social Security is **AFFIRMED**.

### LEGAL STANDARDS

Judicial review of a denial of disability benefits is limited to whether there is substantial evidence on the record as a whole to support the Social Security Administration's decision. 42 U.S.C. § 405(g); *Minor v. Astrue*, 574 F.3d 625, 627 (8th Cir. 2009). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. V. NLRB*,

---
[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin is substituted for Michael J. Astrue as defendant in this action.

305 U.S. 197, 229 (1938)). "Substantial evidence on the record as a whole," however, requires a more exacting analysis, which also takes into account "whatever in the record fairly detracts from its weight." *Minor*, 574 F.3d at 627 (quoting *Wilson v. Sullivan*, 886 F.2d 172, 175 (8th Cir. 1989)). Thus, where it is possible to draw two inconsistent conclusions from the evidence, and one conclusion represents the ALJ's findings, a court must affirm the decision. *See Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir. 1992) (citing *Cruse v. Bowen*, 867 F.2d 1183, 1184 (8th Cir. 1989)). In other words, a court should not disturb an ALJ's denial of benefits if the decision "falls within the available zone of choice." *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). A decision may fall within the "zone of choice" even where the court "might have reached a different conclusion had [the court] been the initial finder of fact." *Id.* (quoting *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008)). A reviewing court is directed to "defer heavily to the findings and conclusions" of the Social Security Administration. *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

## ANALYSIS

The operative facts and arguments are thoroughly presented in the parties' briefs and will not be duplicated here. Plaintiff contends the ALJ erred by improperly weighing the opinion evidence in the record and assessing the claimant's credibility, therefore improperly determining the claimant's residual functional capacity (RFC). Plaintiff further maintains that the Appeals Council did not properly review new evidence submitted after the ALJ issued his decision (Doc. 11). The Court has reviewed the medical evidence in the record, the hearing testimony, and the ALJ's opinion, and finds, consistent with the arguments of the defendant, that the ALJ's decision is based upon substantial evidence on the record as a whole.

The ALJ did not err in assessing the claimant's RFC. He gave good reasons for according limited weight to the claimant's treating therapist and explained the greater weight given to the consultant's opinion, which is the ALJ's responsibility. *See Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians."). The ALJ also properly discussed his reasons for finding the claimant not credible, including lack of medical findings to support the subjective complaints, lack of treatment, noncompliance with medications, cancellation of appointments, her day-to-day activities, and her sporadic work during her alleged period of disability.

Regarding the medical records submitted after the ALJ issued his decision, the Appeals Council acknowledged receipt of this medical evidence, but determined that the additional records all post-dated, and therefore did not affect, the period of consideration for disability (Tr. 2). Having reviewed the additional evidence, the undersigned finds that substantial evidence supports the determination of the Appeals Council.

Based upon review of the evidence of record, the Court finds substantial evidence to support the ALJ's decision. Taken together, the ALJ's opinion is based upon substantial evidence on the record as a whole. Furthermore, the decision falls within the acceptable "zone of choice" of the finder of fact, to which the court gives great deference. Accordingly, the Court will not disturb the ALJ's denial of benefits.

Therefore, based on all the foregoing, **IT IS ORDERED** that the decision of the Commissioner of Social Security is **AFFIRMED**.

**IT IS SO ORDERED.**

**DATED: September 24, 2013**

/s/ *David P. Rush*
**DAVID P. RUSH**
**United States Magistrate Judge**